UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MERRICK MOORE,<br>CDCR #H-82249,<br><br>         vs.<br><br>J.J. DURAN, et al., | Plaintiff,<br><br><br>Defendants. | Case No.:  23-cv-0194-GPC-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS FOR PURPOSES OF U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Plaintiff Merrick Moore, currently incarcerated at Corcoran State Prison ("CSP"), is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.  Plaintiff claims Richard J. Donovan Correctional Facility ("RJD") officials violated his Eighth Amendment rights by using excessive force against him in August of 2018. *See generally* Comp.  Plaintiff seeks $750,000 in general and punitive damages and demands a jury trial. *Id.* at 10.

On March 1, 2023, Plaintiff paid the $402 initial civil filing fee 28 U.S.C. § 1914(a) required to commence a civil action. *Id.* at 3. Accordingly, on March 9, 2023, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(b), which requires *sua sponte* dismissal of a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails

to state a claim, or seeks damages from defendants who are immune from such relief. *See* ECF No. 4. The Court found that factual allegations in Plaintiff's Complaint involve plausible Eighth Amendment excessive force violations that are "sufficient to meet the low threshold for proceeding past the screening stage." *Id.* at 3 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)); 28 U.S.C. § 1915A(b)(1). As a result, the Court directed the Clerk of Court to issue a summons as to all Defendants. *See id*. at 4.

The Court directed the Clerk of Court to issue a summons upon those Defendants and notified Plaintiff that because he was not proceeding *in forma pauperis* he was not automatically entitled to United States Marshal Service and was responsible for having the summons and FAC served within 90 days of the date of the March 9, 2023, Order. *See id.* at 4 n.2.

On March 9, 2023, the Clerk issued a summons as to Plaintiff's Complaint as required by Fed. R. Civ. P. 4(b). *See* ECF No. 5. No proof of service had yet to be filed. Rather, on April 6, 2023, Plaintiff filed a "Motion for Order Directing Marshal Service" which the Court liberally construes as a Motion to Proceed *in forma pauperis* ("IFP") for purposes of service only. *See* ECF No. 7.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

As set forth above, the Court construes the motion as one seeking *in forma pauperis* status for purposes of United States Marshal service only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

Although Plaintiff paid the initial $402 civil and administrative filing fee, *see* ECF No. 3, he may still be eligible to proceed *in forma pauperis*. As a practical matter, a request to proceed *in forma pauperis* is almost always filed at the onset of the case. *See* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, . . . ."). But it need not necessarily be filed at any particular time and may be initiated at any stage of a proceeding, since a person who is not an indigent when they first file a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation, . . . ."), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds Plaintiff's motion to proceed *in forma pauperis*, when considered in light of Plaintiff's pro se and incarcerated status, is sufficient to demonstrate that since the commencement of this action Plaintiff has become unable to execute service upon the Defendants on his own behalf and to timely pursue the prosecution of his case. Indeed, had Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) at the onset, the Court would have automatically directed the U.S. Marshal to effect service upon his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

## CONCLUSION

In light of the foregoing, the Court:

1. **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) for purposes of U.S. Marshal service only.

2. **DIRECTS** the Clerk to re-issue a summons upon Defendants as identified in Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with certified copies of this Order, Plaintiff's Complaint, and the re-issued summons so that he may serve them upon Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the *In Forma Pauperis* Package.

     3.     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

     4.     **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendants are required to respond).

     5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

     **IT IS SO ORDERED**.

Dated: April 24, 2023

                                                      Hon. Gonzalo P. Curiel
                                                     United States District Judge

4

23-cv-0194 GPC DDL