1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MERRICK MOORE, | Case No.:  23-cv-194-GPC-DDL |
| 12                              Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| 13  v. | **MOTION TO APPOINT COUNSEL** |
| 14  J.J. DURAN, et al., | **[Dkt. No. 30]** |
| 15                              Defendants. | |

16

17        Before the Court is *pro se* Plaintiff Merrick Moore's Motion for Appointment of
18  Counsel (the "Motion").  Dkt. No. 30.  For the reasons stated below, Plaintiff's Motion is
19  **DENIED**.

20                                    I.

21                             **BACKGROUND**

22        Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on February 1, 2023,
23  alleging Defendants violated his rights under the United States Constitution.  Dkt. No. 1.
24  On March 9, 2023, the District Court, having conducted the *sua sponte* screening required
25  by 28 U.S.C. § 1915A, found that "the factual allegations in Plaintiff's Complaint involve
26  plausible Eighth Amendment excessive force violations that are 'sufficient to meet the low
27  threshold for proceeding past the screening stage.'"  Dkt. No. 4 at 3 (citing *Wilhelm v.*
28  *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  Plaintiff's Complaint was subsequently

served upon Defendants, who have all answered it.  Dkt. No. 21.  The matter is set for an Early Neutral Evaluation and Case Management Conference, and, barring settlement, the parties will proceed with discovery apace.

The instant Motion was filed on September 11, 2023.  Dkt. No. 30.  Plaintiff requests the Court appoint counsel to represent him in this case because: (1) he cannot afford to retain a lawyer; (2) "counsel would be better equip[p]ed to obtain, gather and retrieve" document discovery necessary to Plaintiff's case; (3) counsel would also be "better equip[p]ed to locate witnesses" and conduct interviews and depositions; and (4) Plaintiff "continues to be subject to retaliation by CDCR officials for filing grievances."[1]  *Id.* at 1.

## II.

## LEGAL STANDARDS

"There is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, the Court has discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).  Neither factor "is dispositive;" both "must be considered cumulatively."  *Id.*

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff's fifth, sixth and seventh statements in support of his Motion appear to recount specific examples of the alleged "retaliation."  Dkt. No. 30 at 2.

### III.

### DISCUSSION

**A. Likelihood of Success**

Plaintiff does not identify any facts to support a finding that he may succeed on the merits of his claims.  As the District Judge noted, the "threshold" for a complaint to survive screening pursuant to 28 U.S.C. § 1915A is "low."   Dkt. No. 4 at 3.   Thus, although Plaintiff's claims were allowed to proceed, that "by no means demonstrates that [he] is likely to win." *Ortega v. CSP-SAC Prison Officials*, No. 2:08–00588 SOM, 2010 WL 2598228, at *1 (D. Haw. June 7, 2010).  "[W]hile Plaintiff may have sufficiently *pleaded* an Eighth Amendment claim against Defendant[s] . . ., at this preliminary stage of the proceedings he has yet to demonstrate and it is too soon to tell whether there is a likelihood he will succeed on the merits." *Wilson v. Santana*, No. 3:23-cv-002502023-RBM-DDL, WL 3829722, at *9 (S.D. Cal. June 5, 2023) (emphasis in the original).  The Court finds this factor weighs against appointing counsel to represent Plaintiff in this matter.

**B. Plaintiff's Ability to Pursue His Claims**

The Court is also not persuaded that Plaintiff lacks the ability to pursue his claims considering the complexity of the legal issues presented, because Plaintiff has demonstrated he can effectively advocate for himself.   In addition to his Complaint, Plaintiff successfully moved for an order directing his Complaint be served by the US Marshals Service, responded to Defendants' answer, and filed the instant Motion. *See* Dkt. Nos. 7, 8, 25, 30.  The Court finds these facts demonstrate that Plaintiff is able to understand and articulate the legal issues implicated by his Complaint, and can follow procedural rules.

For the same reason, the Court is not persuaded that Plaintiff's unsubstantiated claims of "retaliation" warrant the appointment of counsel.  Plaintiff claims that CDCR is "conspiring to derail and adversely affect the outcome of the case," but he has not shown how being "removed off the yard" or having a "false alle[ged] infraction" against him, have interfered with his ability to litigate on his own behalf. *See* Dkt. No. 30 at 2.  Any contrary claim is significantly undermined by Plaintiff's activity in the case to date.

Finally, although Plaintiff is likely correct that counsel would be "better equipped" than he is to conduct discovery given his incarceration and limited financial resources, the hardships Plaintiff has identified are shared by most (if not all) incarcerated litigants and are not exceptional factors. *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990); *see also Balzarini v. Diaz*, No. 5:18-CV-01962-RGK-MAA, 2020 WL 13830268, at *2 (C.D. Cal. Mar. 3, 2020) (finding prisoner-plaintiff's "indigency, imprisonment, limited knowledge of the law,. . . and inability to obtain counsel" were "difficulties that any imprisoned litigant would have in proceeding *pro se*" and did "not indicate exceptional factors").

Because Plaintiff has not demonstrated a likelihood of success on the merits and "has been able to articulate his legal claims in light of the complexity of the issues involved," the Court finds "there are no exceptional circumstances" presented. *See Cano*, 739 F. 3d at 1218.

## IV.

## CONCLUSION

For the reasons set forth above, the Court finds Plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent Plaintiff in this matter at taxpayer expense. Therefore, Plaintiff's Motion for Appointment of Counsel [Dkt. No. 30] is **DENIED**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.

**IT IS SO ORDERED.**

Dated: September 29, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

4

23-cv-194-GPC-DDL