UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK MOORE,<br><br>         Plaintiff,<br><br>v.<br><br>J.J. DURAN, et al.,<br><br>         Defendants. | Case No.: 23-cv-194-GPC-DDL<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>**[Dkt. No. 57]** |

Before the Court is Plaintiff Merrick Moore's Motion for Appointment of Counsel (the "Motion"). Dkt. No. 57. This is Plaintiff's second request for Court-appointed counsel. *See* Dkt. Nos. 30, 34. For the reasons stated below, Plaintiff's Motion is **DENIED**.

# I.

# BACKGROUND

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on February 1, 2023, alleging Defendants used excessive force and sexually assaulted him, in violation of his Constitutional rights. Dkt. No. 1. Plaintiff's complaint survived the screening required by 28 U.S.C. § 1915A and was subsequently served on Defendants. *See* Dkt. Nos. 4, 8, 21.

On September 29, 2023, the Court denied Plaintiff's previous motion to appoint counsel, finding that Plaintiff had not established exceptional circumstances for doing so

as required by controlling Ninth Circuit authority. Dkt. No. 34. The Court informed Plaintiff he could renew his motion "if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims." *See id.* at 4.

On October 4, 2023, the Court held a Case Management Conference and entered a scheduling order. Dkt. Nos. 37, 38. Since that time, the parties have engaged in discovery, including significant motion practice, and have appeared before the undersigned for status conferences, discovery hearings, and settlement proceedings.

On March 28, 2024, Plaintiff renewed his request for counsel by means of the Motion now before the Court. As before, Plaintiff requests the Court appoint counsel to represent him in this action because: (1) he cannot afford to retain a lawyer; (2) "counsel would be better equipped to obtain, gather and retrieve" document discovery necessary to Plaintiff's case; (3) counsel would also be "better equipped to locate witnesses" and conduct interviews and depositions; and (4) Plaintiff "continues to be subject to retaliation by CDCR officials for filing grievances." *Id.* at 1-2 (alterations omitted).

## II.
## LEGAL STANDARDS

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).[1] Where "exceptional circumstances" exist, the Court may in its discretion appoint counsel to represent an indigent litigant. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). But, such "exceptional circumstances" exist only where a plaintiff demonstrates **both** that he is likely to succeed on the merits of his claims, **and** that he is unable to effectively articulate those claims. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

/ / /

---

[1] All citations are omitted unless otherwise noted.

## III.

## DISCUSSION

The Court previously explained that plaintiff could renew his request for counsel "if plaintiff's circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims." Dkt. No. 34 at 4. Plaintiff's Motion does not demonstrate any change in circumstances, but rather repeats arguments already considered and rejected by the Court. Nevertheless, the Court has considered Plaintiff's request for counsel anew, and finds Plaintiff again fails to meet his burden of demonstrating exceptional circumstances to warrant the appointment of counsel to represent him at taxpayer expense.

First, plaintiff has not shown a likelihood of success on the merits. Plaintiff states he has "identif[ied] facts to support a finding that he may succeed on the merits of his claims" and refers the Court to his complaint. Dkt. No. 57 at 2-3. The question for the Court, however, is whether Plaintiff is **likely to succeed** his claims. *Cano*, 739 F.3d at 1218. "[W]hile Plaintiff may have sufficiently pleaded a plausible . . . claim at this preliminary stage of the proceedings, he has yet to demonstrate, and it is too soon to tell, whether he is likely to succeed on the merits." *Hucker v. Daub*, No. 21-CV-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (denying motion for counsel); *see also Delena v. Lara*, No. 323CV00345JAHVET, 2024 WL 1145168, at *2 (S.D. Cal. Mar. 15, 2024) (noting "the threshold for a complaint to survive screening is 'low,' . . . and therefore does not determine whether Plaintiff is likely to succeed on the merits of his claim"). In other words, at this point in the proceedings, the allegations in Plaintiff's complaint remain unproven assertions of fact, and the Court has no basis upon which to predict Plaintiff's ability to prove those facts at trial. "A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Therefore, the Court reaffirms its determination that this factor

/ / /

weighs against a finding of exceptional circumstances warranting the appointment of counsel.  *See* Dkt. No. 34 at 3.

Second, Plaintiff has not shown that he lacks the ability to pursue his claims. Plaintiff asserts without explanation that his claims will "likely turn on complex medical questions of competing treatment regimens and causation," and that he is "incapable" of articulating these complex medical issues.  Dkt. No. 57 at 2.  The Court is skeptical that Plaintiff's excessive force claims will indeed "turn on complex medical questions."  *See* Dkt. No. 4 at 2 (describing elements of excessive force claim).  Setting that aside, however, the Court notes that it previously considered, and rejected, Plaintiff's claim that counsel should be appointed due to the complexity of Plaintiff's claims.  *See* Dkt. No. 34 at 3.  The Court likewise considered, and rejected, Plaintiff's assertion that his "incarceration makes it almost impossible to secure important evidence needed to substantiate his claims." Dkt. No. 57 at 3; *see also* Dkt. No. 34 at 4.  Finally, the Court considered Plaintiff's assertion that unnamed "prison officials" have obstructed his ability to litigate his case and concluded Plaintiff had not not shown how this alleged conduct "interfered with his ability to litigate on his own behalf" such as to warrant appointment of counsel. Dkt. No. 34 at 3. Plaintiff "respectfully disagree[s]" with the Court's prior determination that his allegations are unsubstantiated, Dkt. No. 57 at 3, but has not proffered a reason for the Court to reconsider its findings, nor does the record reveal one.  *See* CivLR 7.1.i.1 (noting that an application for reconsideration of any order must set forth "new or different facts and circumstances . . . which did not exist, or were not shown" previously).

To reiterate, Plaintiff has brought a relatively straightforward Eighth Amendment claim.  That Plaintiff will be required to marshal discovery to prove his claim is not exceptional, because "practically all cases . . . require [the] development of further facts during litigation."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  That it would be easier for an attorney to do so on Plaintiff's behalf is also "not enough to demonstrate exceptional circumstances."  *See id.* (exceptional circumstances not shown because a prisoner-plaintiff is "seldom . . . in a position to investigate easily the facts

necessary to support the case"). Moreover, the record before the Court belies any assertion that Plaintiff is not capable of pursuing his claims. To date, Plaintiff has: filed a complaint that survived screening; prepared a discovery plan; moved for service of his complaint, to compel discovery, for leave to serve a subpoena, for the appointment of counsel (twice), and to amend the pretrial schedule; objected to various filings by Defendants; and participated in two status conferences, a discovery hearing and two settlement conferences. Throughout these filings and proceedings, Plaintiff has demonstrated to the Court that he understands basic litigation procedure and can competently petition the Court for relief. The Court thus reaffirms its finding that this factor weighs against appointing counsel.

Based on the foregoing, the Court finds, again, that Plaintiff has not demonstrated exceptional circumstances as required for the appointment of counsel, because he has not shown that he is likely to succeed on the merits of his claims or that he is unable to competently articulate those claims. *See Cano*, 739 F.3d at 1218.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Appointment of Counsel [Dkt. No. 57] is **DENIED**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.

**IT IS SO ORDERED.**

Dated: April 22, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge