UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK MOORE, CDCR #H-82249,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J.J. DURAN, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-CV-0194-GPC-DDL<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

Plaintiff Merrick Moore, a prisoner proceeding without counsel, filed this civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in February 2023. ECF No. 1. Moore alleges Richard J. Donovan Correctional Facility officials Duran, Manquero,[1] Valencia, Smith, Gonzalez, Bracamonte, Covello, Searless, Anderson, Cortes, Davis, and Castillo violated his Eighth Amendment rights on March 1, 2018, by using excessive force, sexually assaulting, and failing to protect him after he appeared at an Institutional Classification Committee Hearing, and was authorized for administrative segregation and transfer to a "Level IV SNY (sensitive needs yard)." *Id.* at 5–8.

---

[1] Because Manquero has never been served, the Court has ordered Plaintiff to show cause why he should not be dismissed as a party pursuant to Fed. R. Civ. P. 4(m). ECF No. 75.

# PROCEDURAL HISTORY

On September 20, 2024, the Court denied Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, finding Plaintiff's excessive force claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and genuine disputes of material fact exist requiring trial. ECF No. 77. After the Court learned that Plaintiff had been transferred to another prison while Defendants' Motion was pending, on September 26, 2024, it directed the Clerk to update Plaintiff's address, provide him with copies of the Court's latest Orders. The Court also notified Plaintiff of its intent to refer his case for potential pro bono representation pursuant to its Pro Bono Plan for the Representation of *Pro Se* Litigants in Civil Cases, as adopted by S.D. Cal. General Order 596. ECF No. 78.

# APPOINTMENT OF COUNSEL

There is no right to counsel in a civil action, but a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff's prior motions requesting the appointment of counsel were denied because like most litigants, he failed to meet the exceptional circumstances requirement at the pre-discovery and pre-summary judgment stages of his case. ECF Nos. 34, 64. *See also Hearn v. RJD Warden*, No. 22-CV-255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when a pro se plaintiff's allegations "remain unproven … [a]t th[e] early stage of the proceedings, there is no basis upon which the Court can predict [his] success at trial."); *Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").)

And while Plaintiff has since demonstrated both an ability to articulate his claims and to survive summary judgment while proceeding without the assistance of trained counsel, the likelihood of his success on the merits increased as a result of the Court's September 20, 2024 summary judgment ruling.  *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

For these reasons, and in light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and its Plan for the Representation of *Pro Se* Litigants in Civil Cases as adopted by S.D. Cal. General Order 596.  The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied."  *See* S.D. Cal. Gen. Order 596.  Therefore, because the ends of justice would be served by the appointment of pro bono counsel under the circumstances, and an available Pro Bono Panel volunteer attorney has since graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court in this case, the Court *sua sponte* reconsiders Plaintiff's previous motions requesting the appointment of counsel and grants those requests pursuant to S.D. Cal. Gen. Order 596.

## CONCLUSION

For the reasons discussed, the Court **APPOINTS** Martin G. Molina, SBN 176934, of the Law Office of Martin G. Molina, 185 W F St Ste 100, San Diego, California, 92101-6025, as Pro Bono Counsel for Plaintiff Merrick Moore.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within twenty-one (21) days of this Order, if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel.  This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during*

*further proceedings before this Court, in this matter only, and at the Court's specific request.*  See S.D. Cal. CivLR 83.3.f.1, 2.[2]

The Court further **DIRECTS** the Clerk of the Court to forward Mr. Molina a copy of this Order upon entry in CM/ECF to mmolinaesq@outlook.com and to also serve him with a copy via U.S. Mail at the address listed above upon filing.  *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated:  October 7, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Plaintiff is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case.  Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment.  *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").