UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MERRICK MOORE, | Case No.: 23-cv-194-GPC-DDL |
|---|---|
| Plaintiff, | **ORDER GRANTING UNOPPOSED MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE** |
| v. | |
| J.J. DURAN, et al. | |
| Defendants. | **[Dkt. No. 87]** |

Before the Court are Plaintiff's Unopposed Motion to Reopen Discovery to Depose Defendants and Unopposed Motion to Extend the Time for Service by USMS to Defendant Manquero. Dkt. No. 87. This Order resolves the request to reopen discovery **only**. The issue of extended time to serve Defendant Manquero remains pending before the Honorable Gonzalo P. Curiel. For the reasons stated below, the Court **GRANTS** the unopposed motion to reopen discovery and **GRANTS** Plaintiff's counsel's concurrent request for payment of the costs of the depositions from the Pro Bono Fund in an amount not to exceed $1,000.

I.

**BACKGROUND**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on February 1, 2023. Dkt. No. 1. Briefly stated, Plaintiff alleges that on March 1, 2018, after an institutional

classification committee hearing, Defendants used excessive force against him and Defendant Duran sexually assaulted him. *See generally id.*

Plaintiff's Eighth Amendment claim survived preliminary screening. Dkt. No. 4. Defendants C. Davis, W. Smith, P. Bracamonte, V. Cortes, A. Gonzalez, J. Valencia, J. Duran, S. Searless, and P. Covello (collectively, "Defendants") answered the complaint on July 26, 2023.[1] Dkt. No. 21. On October 4, 2023, the Court held a Case Management Conference, and issued a Scheduling Order the next day. Dkt. No. 38. Pursuant to the Scheduling Order, fact discovery closed on March 4, 2024, although some discovery was completed after that date as the Court and the parties worked to resolve various discovery disputes. *See*, *e.g.*, Dkt. No. 65.

On June 18, 2024, Defendants moved for summary judgment. Dkt. No. 68. On September 20, 2024, Judge Curiel denied the motion. Dkt. No. 77. On October 7, 2024, Judge Curiel appointed Martin G. Molina to represent Plaintiff *pro bono* for purposes of trial pursuant to General Order 596. Dkt. No. 80. Mr. Molina entered his appearance on October 24, 2024. Dkt. No. 83. The undersigned held a Status Conference on November 6, 2024, during which counsel for Defendants and Mr. Molina reported they had reached an agreement that Defendants would sit for deposition before trial. On the Court's instruction, this motion followed.

## II.

## DISCUSSION

**A. Request to Reopen Discovery to Depose Defendants**

Once issued, a Scheduling Order can only be modified "for good cause and with the court's consent." Fed. R. Civ. P. 16(b)(4). In assessing good cause, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Kamal v. Eden*
///

---

[1] Defendant D. Manquero has not been served and has not appeared in the Action.

*Creamery*, *LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023).[2] Although "[i]t is a widely followed principle that the arrival of new counsel does not entitle parties to conduct additional discovery . . . ," *see Hunt v. City of Los Angeles*, 2021 WL 768248, at *9 n.12 (C.D. Cal. Jan. 26, 2021), this rule is often "relaxed" where *pro bono* counsel enters the case "after the discovery deadlines have closed." *See Draper v. Rosario*, No. CIV. S-10-0032 KJM, 2013 WL 6198945, at *3 (E.D. Cal. Nov. 27, 2013). Ultimately, the decision "[w]hether to reopen discovery rests in the court's sound discretion." *See Holmes v. Estock*, No. 16cv2458-MMA-BLM, 2022 WL 16541182, at *2 (S.D. Cal. Oct. 28, 2022).

On the record before it, the Court concludes good cause exists to reopen discovery for the limited purpose of deposing Defendants. Defendants' depositions are relevant to plaintiff's claims and proportional to the needs of the case, and will facilitate trial on the merits. *See Holmes*, 2022 WL 16541182, at *3 (noting the court may consider "the necessity of additional discovery for trial preparation and for resolution of the matter on the merits"). That Defendants do not oppose Plaintiff's request allays any concerns of prejudice. *See Kamal*, 88 F.4th at 1277 (identifying "the existence or degree of prejudice" to nonmoving parties as a consideration in the good cause analysis under Rule 16). Accordingly, the Court **GRANTS** Plaintiff's request to reopen discovery to depose Defendants. **No other discovery is permitted by this Order.** All depositions must be completed within 60 days of the date of this Order. The Court will issue an amended Scheduling Order setting trial-related dates in due course.

**B. Request for Disbursement from the Pro Bono Fund**

To facilitate *pro bono* representation, this District's Pro Bono Fund is used for "reimbursement of out-of-pocket expenses, necessarily incurred by court-appointed attorneys representing indigents pro bono in civil cases . . . provided that approval for such expenses is first obtained from the magistrate judge assigned the case . . ." CivLR

---

[2] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

83.8.a.2.a; *see also* General Order No. 596 (adopting a plan for representation of *pro se* litigants and noting that pro bono counsel "may be reimbursed for their necessarily incurred out-of-pocket expenses).

Here, Plaintiff's counsel "anticipates" the cost of the depositions will be $1,000 "based on the pricing and market rate for such services in this district." Dkt. No. 87-1 at 7-8. Although the Court agrees generally that deposition costs are "necessarily incurred expenses" under Civil Local Rule 83.8.a.2.a, it cannot determine from the current record the amount of such expenses. After the depositions are completed, Plaintiff's counsel may renew his request for reimbursement from the Court's Pro Bono Fund. Any such renewed request should be supported by a declaration from counsel and documentation of the expenses incurred.

## III.
## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's unopposed motion to reopen discovery for the limited purpose of deposing Defendants, and further **ORDERS** as follows:

1. All depositions must be completed by not later than **January 15, 2025**.
2. No other discovery is permitted by this Order.

**IT IS SO ORDERED.**

Dated: November 15, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. David D. Leshner
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge