UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK MOORE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J.J. DURAN et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-CV-00194-GPC-DDL<br><br>**ORDER GRANTING MOTION FOR EXTENDING TIME FOR SERVICE**<br><br>**[ECF No. 87]** |

Before the Court is Plaintiff's unopposed motion to extend time for service on Defendant D. Manquero.  ECF No. 87.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time.  Fed R. Civ. P. 4(m).  But if the plaintiff shows good cause for the failure, the court must extend the time for service.  *Id*.  If good cause is *not* established, the district court may extend time for service upon a showing of excusable neglect.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  This is an exercise of "broad" discretion.  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.

1

1995)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Lemoge*, 587 F.3d at 1192.

Based on these factors, the Court finds that Plaintiff demonstrates excusable neglect. First, there is no real danger of prejudice to Manquero because the evidence that he would bring would be testimonial, rather than lost or destroyed physical evidence. Secondly, the delay from Plaintiff has not been great and there will be minimal impact on the proceedings. Thirdly, the delay was caused by Manquero's departure from the California Department of Corrections and Rehabilitation (CDCR), Plaintiff's transfer from one institution to another, and Plaintiff's *pro se* status (until as of late). None of these were within Plaintiff's control. Finally, Plaintiff did not act in bad faith, and actually tried to obtain contact information for Manquero from the state prison officials. *See* ECF No. 85.

Additionally, "as long as Defendant [Manquero's] forwarding address can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the [U.S. Marshals Service] to effect service upon this Defendant on his behalf." *Morris v. Barr*, 2011 WL 3859711, at *2 (S.D. Cal. Aug. 31, 2011); *see also Jensen v. Knowles*, 621 F.Supp.2d 921, 930 (E.D. Cal. 2008) ("it is highly unlikely [the defendant] vanished from the CDCR without so much as a last known address"). The U.S. Marshals Service (USMS) already attempted service on Manquero by mailing a summons, waiver, and complaint to the Litigation Office of Richard J. Donovan Correctional Facility (RJD), but the RJD Litigation Coordinator refused service "due to the inability to locate and contact this defendant… after his separation from CDCR." ECF No. 17. There is no

record of any follow-up by the USMS after the summons was returned as unexecuted. *See id*.

The Court finds that under these circumstances, the Court can direct the USMS to attempt to effect service upon Defendant Manquero. *See Guerrero v. Moore*, 2021 WL 3370816, at *2 (S.D. Cal. Aug. 3, 2021) (directing USMS to attempt service by contacting prison's legal coordinator or the CDCR after summons was originally returned unexecuted); *Morris*, 2011 WL 3859711, at *2 (same). In order to preserve Manquero's privacy, any contact information should be sent to the USMS in a confidential memorandum, and the USMS should file any such information under seal.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to extend time for service on Defendant Manquero is GRANTED;
2. The Clerk of the Court is DIRECTED to forward a copy of this Order to the U.S. Marshals Service;
3. Within 30 days of this Order, the U.S. Marshals Service is DIRECTED to contact the CDCR's Legal Affairs Division and the Litigation Coordinator at RJD for a current address for Defendant Manquero. If CDCR or RJD officials are unable to locate Defendant Manquero or his last address, some explanation should be proffered as to why they lack such information.
4. Within 15 days of receipt of any available address for Defendant, the Court ORDERS the USMS to serve a copy of Plaintiff's complaint and summons upon Defendant. All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed *in forma pauperis* for purposes of U.S. Marshals service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). ECF No. 8.

**IT IS SO ORDERED.**

Dated: December 4, 2024

Hon. Gonzalo P. Curiel
United States District Judge