1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11

| MERRICK MOORE, | 3:23-cv-0194-GPC-DDL |
|---|---|
| Plaintiff, | **AMENDED JUDGMENT DISMISSING ACTION AND ORDER GRANTING JOINT MOTION TO VACATE JUDGMENT** |
| v. | |
| J.J. DURAN, et al., | **[ECF No. 169]** |
| Defendants. | Judge: Hon. Gonzalo P. Curiel |
| | Magistrate: Hon. David D. Leshner |

The parties have filed a Joint Motion to Vacate Judgment ECF No. 166. ECF No. 169. The parties have reached a post-judgment agreement, contingent on the Court's order on this motion. ECF No. 169-1 at 2. For the following reasons, this Court **GRANTS** the motion.

I.     **Background**

Plaintiff was an inmate of the California Department of Corrections and Rehabilitation, while Defendants were correctional officers of various ranks. Plaintiff originally brought this action, alleging that his Eighth Amendment rights

were violated when Defendants used excessive force and put Plaintiff in imminent danger in violation of 45 U.S.C. § 1983, when he was sexually assaulted during the excessive force, and when Defendants retaliated and disregarded Plaintiff's safety and welfare as outlined in 45 U.S.C. § 1983. ECF No. 1.

On July 7, 2025, trial by jury commenced before the Court on this action. ECF No. 166. On July 11, 2025, the jury returned special verdicts for the relevant Defendants. *Id*. Specifically for Defendant Manquero, the special verdict found him "liable for use of excessive and unnecessary force against Plaintiff; for acting maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain and restore discipline; and for causing harm to Plaintiff, finding that Defendant Manquero acted with malice, oppression, or in reckless disregard of Plaintiff's rights." *Id*. Nominal and punitive damages were awarded. *Id*.

After the judgment had been entered, the Parties reached a post-judgment agreement. It includes an agreement to not seek costs, for Plaintiff to waive his rights to collect the awarded $1,000 in punitive damages, and for the CDCR to pay Plaintiff $1,500 in satisfaction of the judgment and as a release of all claims connected to the Complaint. ECF No. 169-1 at 2. The agreement is also contingent on a grant of a motion to vacate judgment. *Id*. Defendant would, then, be able to avoid the negative effect on his credit record that would result from the judgment and award of punitive damages. Thus, the parties jointly filed the instant motion, requesting the judgment against Defendant Manquero be vacated.

**Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including that "the judgment has been satisfied, released, or discharged" or "any other reason that justifies

2

relief." Fed. R. Civ. P. 60(b). While "exceptional circumstances" must exist for an appellate court to vacate a district court's judgment, "district courts enjoy 'greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance.'" *Liberty Mut. Fire Ins. Co. v. Bosa Dev. California II, Inc.*, No. 17-CV-00666-AJB-BGS, 2022 WL 2902782, at *1 (S.D. Cal. Feb. 10, 2022) (quoting *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998)). In exercising that discretion, however, the Court uses an equitable balancing test. The factors within that test include "the consequences and attendant hardships of dismissal or refusal to dismiss, the competing values of finality of judgment and right to relitigation of unreviewed disputes, the motives of the party whose voluntary action mooted the case, and the public policy against allowing a losing party to buy an eraser for the public record." *Ayotte v. Am. Econ. Ins. Co.*, 578 Fed. Appx. 657, 658–59 (9th Cir. 2014) (quotations omitted) (quoting *Am. Games, Inc.*, 142 F.3d at 1168, 1170).

One equitable consideration for vacatur is "the general judicial policy favoring settlement," which, in addition to bringing the case to a close, conserves judicial resources that might be spent litigating the matter on appeal or on other legal issues. *Bedrock Fin., Inc. v. United States*, No. 1:10-CV-01055 MJS HC, 2015 WL 1989106, at *3 (E.D. Cal. Apr. 30, 2015). Here, the Defendant is willing waive his right to appeal, and the Parties also agree to not seek costs. While the conservation of resources is not substantial at this later stage of the case, *see Gardner v. CafePress Inc.,* No. 3:13-CV-1108-GPC-JLB, 2015 WL 13427727, at *3 (S.D. Cal. Jan. 9, 2015), this consideration weighs in favor of vacatur.

However, even in the context of a settlement between the parties, a district court "is not required to vacate a judgment…because, otherwise, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Bates v. Union Oil Co. of California*, 944 F.2d 647, 650 (9th Cir. 1991)

1  (quotations omitted) (citing *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686

2  F.2d 720, 721 (9th Cir. 1982)). Specifically, there is a strong public interest

3  favoring public access to judicial records. *See Nixon v. Warner Commc'n, Inc.,* 435

4  U.S. 589, 597–98 (1978). This interest generally weighs against vacatur, as the "the

5  public has an interest in protecting district court precedents from 'a refined form of

6  collateral attack.'" *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488

7  F.3d 1065, 1069 (9th Cir. 2007) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall*

8  *P'ship,* 513 U.S. 18, 26 (1994).

9

10  Nonetheless, here, a grant of vacatur would still mean the judgment against

11  Defendant would "remain in electronic research databases, albeit flagged, but

12  otherwise available for whatever guidance they may give to parties and other

13  courts." *Bedrock Fin., Inc. v. United States*, No. 1:10-CV-01055 MJS HC, 2015

14  WL 1989106, at *3 (E.D. Cal. Apr. 30, 2015); *see also NASD*, 488 F.3d at 169. The

15  judgment also does not "address[] unsettled areas of law…[that] may be useful to

16  the public." *Liberty Mut. Fire Ins. Co. v. Bosa Dev. California II, Inc.*, No. 17-CV-

17  00666-AJB-BGS, 2022 WL 2902782, at *2 (S.D. Cal. Feb. 10, 2022). This,

18  therefore, weighs in favor of vacatur.

19  The Court is also unaware of other public interests or third parties that would

20  be negatively impacted by vacatur. The case is fact-specific to Defendant

21  Manquero, which would create "no preclusive effect" as a result of vacating the

22  judgment. *See Bedrock*, 2015 WL 1989106, at *4. Finally, both Parties would be

23  able to benefit: the Plaintiff would be able to claim a larger compensation for his

24  injuries, while Defendant could maintain his credit record.

25  / / /

26

27  / / /

28

4

1         Thus, the Court concludes that vacatur is warranted. Accordingly, the Court

2    **GRANTS** the joint motion and **VACATES** its August 8, 2025 Judgment ECF No.

3    166. Additionally, after considering the settlement and request for dismissal, the

4    Court hereby dismisses the above-captioned case with prejudice.

5         **IT IS SO ORDERED.**

    Dated:  September 25, 2025

6

7                                       Hon. Gonzalo P. Curiel

8                                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28